```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION
```

KENNETH GANDY                                            PLAINTIFF

VERSUS                          CIVIL ACTION NO. 4:05cv143TSL-JCS

P. WILLIAM, et al.                                      DEFENDANTS

## OPINION AND ORDER

    This cause comes before this court, sua sponte. On June 13, 2006, an order was entered directing the plaintiff to file a response on or before July 5, 2006.  The plaintiff was warned in this court's order of June 13, 2006, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.  The plaintiff failed to comply with that order.

    On July 21, 2006, the plaintiff was ordered to show cause in writing on or before August 8, 2006, why this case should not be dismissed for failure to comply with this court's order of June 13, 2006.  In addition, the plaintiff was directed to comply with the order of June 13, 2006, by filing a response on or before August 8, 2006.  The plaintiff was warned in that order that failure to timely comply with the requirements of the order could lead to the dismissal of his complaint without further written notice to the plaintiff.

    When the plaintiff failed to comply or otherwise communicate with this court concerning the order of July 21, 2006, a second order to show cause was entered on August 22, 2006.  Once again,

the order of August 22, 2006, directed the plaintiff to explain within 15 days of the entry of the order why this civil action should not be dismissed for failure to comply and it also directed the plaintiff to comply with the order of June 13, 2006. The plaintiff was warned that the failure to comply **would result** in this cause being dismissed and that this was his final opportunity comply with the previous orders of the court.  Having reviewed the docket, this court finds that more than 30 days have lapsed since the deadline to comply with the order of August 22, 2006, and the plaintiff has failed to comply or to respond in any way to this court's order.  It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond

to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  <u>Shaw v. Estelle</u>, 542 F.2d 954 (5th Cir. 1976).

    A final judgment in accordance with this opinion and order will be entered.

    This the 11th day of October, 2006.


                                        <u>/s/ Tom S. Lee                    </u>
                                        UNITED STATES DISTRICT JUDGE